**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| § | **CIVIL ACTION NO.  6:11-CR-00077-JCB** |
| **Plaintiff,** § | |
| § | |
| **v.** § | |
| § | |
| **BRET GLYNON BATES (2),** § | |
| § | |
| **Defendant.** § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On January 30, 2023, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Bret Bates. The government was represented by Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess With Intent to Distribute More Than 50 Grams of Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The United States Sentencing Guideline, range based on total offense level of 31 and criminal history category of IV, was 151 to 188 months. On March 14, 2013, District Judge Leonard Davis sentenced Defendant to 120 months imprisonment followed by 5 years of supervised release, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100.00 special assessment fee. On October 11, 2019, Defendant completed his term of imprisonment and began his term of supervision. On August 4, 2021, the terms of supervision were modified to include mental health treatment.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 3 of its petition, the government alleges that Defendant violated his conditions of supervised release by submitting a urine specimen that tested positive for methamphetamine on May 10, 2021, September 13, 2021, April 7, 2022, and October 21, 2022. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 3 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of twelve months and one day with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Bret Bates's plea of true be accepted and that he be sentenced to twelve months and one day imprisonment with no supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FMC Fort Worth, Texas, and that Defendant receive drug and alcohol treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 31st day of January, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE